**UNITED STATES of America,**
**Appellee,**

v.

Francisco **MAISONET,** aka "Frank," aka "Boogie," **Angel Flores,** aka "Nolo," aka "Heckyl," aka "Fat Boy," **Ingrid Garcia,** aka "Vanessa," **Kerry Clark,** aka "Bembe," aka "Big Lips," **Edwin Ortiz,** aka "V," **Stephanie Garcia, Miguel Rodriguez, Jr.,** aka "Gunner," aka "Big Head," **Alberto Aviles,** aka "Charlie," aka "Rock," aka "Charles," **Edna Laguer, Haydee Ferrer, William Viera,** aka "Willie," aka "Padrino," **Guillermo Negron, Sr.,** aka "Geijo," **Guillermo Negron, Jr.,** aka "Ruben Santana," aka "Willie," **James Rodriguez, Jose Fernandez, Felix Sabater,** aka "Papito," **Darcel Nel-**

son, Nelson Munoz, Alex Palma, Pat V. Stiso, aka "Daniella," Jose Maisonet, aka "Joe," aka "Jeckyl," aka "Flaca," Jose Vasquez, aka "Luis Valpais," aka "Chinaman," Defendants,

Edwin RIVERA, aka "Deadeye," aka "King Deadeye," aka "Eduar," Defendant–Appellant.

Docket No. 00–1488.

United States Court of Appeals, Second Circuit.

Sept. 17, 2002.

John H. Jacobs, New York, NY, for Defendant–Appellant.

Dani R. James, Assistant United States Attorney (David Raymond Lewis, Assistant United States Attorney, of counsel); Mary Jo White, United States Attorney for the Southern District of NY, for Appellee.

Present JAMES L. OAKES, THOMAS J. MESKILL and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the June 27, 2000 judgment of the district court be, and it hereby is, AFFIRMED.

The defendant Edwin Rivera appeals from a June 27, 2000 conviction on counts of retaliation against a witness, 18 U.S.C. § 1513(b)(2), and assault with a dangerous weapon, 18 U.S.C. § 113(a)(3). On appeal, Rivera contends that the Government failed to disclose material impeachment evidence concerning a co-defendant, José Vasquez, pursuant to *Giglio v. United States,* 405 U.S. 150, 153–154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). We conclude that no constitutional violation occurred and therefore affirm the judgment of the district court.

It is well established that the Government has an obligation to provide material exculpatory evidence and material impeachment evidence to the defendant upon request. *Brady v. Maryland,* 373 U.S. 83,

86–87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Thus, the prosecution need not "disclose *all* exculpatory and impeachment material." *United States v. Coppa,* 267 F.3d 132, 135 (2d Cir.2001) (citing *United States v. Bagley,* 473 U.S. 667, 675, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (emphasis in original). Only "when such evidence is material to guilt or punishment" need the government disclose it. *Id.* "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

A defendant must therefore demonstrate that his right to a fair trial was implicated by the non-disclosure of evidence by showing that: "(1) the Government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice." *Coppa,* 267 F.3d at 140 (internal citation omitted). A failure to disclose impeachment evidence does not require a new trial if that evidence provides only an additional basis for challenging a witness whose credibility has already been shown to be questionable. *United States v. Payne,* 63 F.3d 1200, 1210 (2d Cir.1995).

Rivera's claim fails because he did not suffer prejudice when the government failed to produce what allegedly was material impeachment evidence in a timely manner. Rivera was acquitted of the only count to which the alleged impeachment materials pertained. Because we must presume that the jury followed the district court's limiting instruction, *see United States v. Moskowitz,* 215 F.3d 265, 269 (2d Cir.2000), we must conclude that no spillover effect occurred in relation to the other counts. Also, the alleged *Giglio* evidence had only incremental impeachment value because the co-defendant witness had already been impeached on other grounds. Finally, we conclude that sufficient other evidence existed in addition to the statements of the co-defendant to sustain the verdict against Rivera.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.